**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 30, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00561-CV

---

## IN RE RUSSELL JERRY HUSTED, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**312th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1987-05441**

---

## MEMORANDUM OPINION

On July 8, 2013, relator Russell Jerry Husted filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable David Farr,

presiding judge of the 312th District Court of Harris County, to vacate his ruling creating a constructive trust.

On January 26, 1988, relator was divorced from his wife Susan Kay Husted, now Susan Cowles. On the same day, the trial court signed a Qualified Domestic Relations Order (QDRO) in which the court awarded one-half of relator's retirement benefits from Arabian American Oil Company (ARAMCO) to Susan as part of the property division. With regard to payment of the retirement benefits, the order states:

> While it is anticipated that the Plan Administrator will pay directly to SUSAN KAY HUSTED LONG the benefit awarded to her, RUSSELL JERRY HUSTED is designated a constructive trustee to the extent he receives any retirement benefits under RETIREMENT INCOME PLAN that are due to SUSAN KAY HUSTED LONG but paid to RUSSELL JERRY HUSTED. RUSSELL JERRY HUSTED is ORDERED AND DECREED to pay the benefit defined above directly to SUSAN KAY HUSTED LONG within three days after receipt by RUSSELL JERRY HUSTED.

Relator retired in 2001 and received a lump-sum retirement benefit in February, 2002. At that time Susan's portion of the retirement plan was not distributed to her. On October 8, 2012, Susan filed a breach of contract action in civil district court seeking her share of the retirement benefits. On February 25, 2013, Susan filed a petition for enforcement of the property division in the 312th District Court, which is the underlying action. The trial court consolidated the two cases.

On April 9, 2013, the trial court held a hearing at which relator testified that he received between $400,000 and $500,000 in a lump-sum payment in 2002 from ARAMCO. He did not distribute any of those funds to Susan. Relator testified that at the time he withdrew the retirement funds he thought ARAMCO had withdrawn the amount owed to Susan. Susan testified that she expected Jerry to retire at age 70. She inquired about his retirement when he reached age 70, and discovered that he had retired at age 59, and had taken a lump-sum payment from his retirement fund.

At the conclusion of the hearing, the trial court found that, pursuant to the QDRO, relator is a constructive trustee and is obligated to pay Susan half of his retirement account at the time of the divorce. The court further determined that section 9.003(b) of the Texas Family Code does not bar Susan's action because she is not seeking recovery for property that did not exist at the time of the divorce. The court rescheduled another hearing for July 9, 2013 for the parties to present evidence on the amount owed under the QDRO. Relator has not provided this court with a record of the July 9 hearing.

In his mandamus petition, relator claims the trial court abused its discretion in ruling that a constructive trust was created and in its pronouncement that the enforcement action is not controlled by section 9.003 of the Texas Family Code.

Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy at law, such as by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004). Relator can raise his constructive trust and limitations issues after final judgment on appeal. *See generally Marshall v. Priess*,

99 S.W.3d 150, 155–58 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (addressing on appeal enforcement of QDRO on appeal and applicability of section 9.003 to retirement benefit). Because relator has an adequate remedy by appeal he has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Brown, Christopher, and McCally.

4